J-S26021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMAREE HENSON | : | |
| | : | |
| Appellant | : | No. 117 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 5, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000248-2021

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED: AUGUST 25, 2025**

Appellant, Jamaree Henson, appeals from the judgment of sentence entered on September 5, 2024, as made final by the denial of his post-sentence motion on January 6, 2025.  In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw.  Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous.  Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

On April 15, 2021, the Commonwealth charged Appellant *via* criminal information with possession with intent to deliver ("PWID") - marijuana, PWID

– heroin and/or fentanyl, and three counts of endangering the welfare of a child ("EWOC"). On June 24, 2024, Appellant pled guilty to PWID – fentanyl and one count of EWOC.[1] On September 5, 2024, the trial court sentenced Appellant to 60 to 120 months' incarceration for his PWID- fentanyl conviction and 12 to 24 months' incarceration for his EWOC conviction. The trial court ran the aforementioned sentences concurrently. Appellant filed a post-sentence motion on September 12, 2024, asking the trial court to modify his sentence. The trial court denied Appellant's post-sentence motion on January 6, 2025. This timely appeal followed.

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an *Anders* brief. Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

_____

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 4304(a)(1), respectively. Appellant entered an open guilty plea in which no recommendation was made with respect to sentencing and punishment, which was left to the discretion of the trial court. *See* N.T. Guilty Plea Hearing, 6/24/24, at 2-3.

(1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5; *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the *Anders* procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and

substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claim raised in the **Anders** brief, which is as follows:

> Whether the trial court abused its discretion in failing to sentence [] Appellant within the mitigat[ed] range of the sentencing guidelines in light of his remorse and acceptance of responsibility for his actions by pleading guilty?

**Anders** Brief at 1.

Appellant, therefore, challenges the discretionary aspects of his sentence. Ostensibly, Appellant claims that the trial court abused its discretion in fashioning his sentence because it did not adequately consider certain mitigating factors. **See** Appellant's Motion to Modify Sentence, 9/12/24, at *1-*2 (unpaginated) (arguing that Appellant's prior record score was [five], that his prior criminal history, as well as personal background, revealed drug possession convictions for only small amounts of marijuana from an early age); **see also Anders** Brief at 20 ("The trial court abused its discretion in failing to sentence [] Appellant within the mitigated range . . . in light of his remorse and acceptance of responsibility for his action by entering a guilty plea"). This Court has previously explained:

> It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant

challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether appellant [ ] filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> [***Moury***, 992 A.2d] at 170 [(citation omitted)]. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001).

***Commonwealth v. Hill***, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted). A substantial question exists when an appellant presents a colorable argument that the sentence imposed is either (1) "inconsistent with a specific provision of the sentencing code" or (2) is "contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011).

Herein, Appellant filed a timely notice of appeal, preserved his sentencing challenge in his post-sentence motion, and included a Rule 2119(f)

concise statement in his appellate brief. *See Anders* Brief at 3. We must, therefore, address whether Appellant's claim raises a substantial question. We conclude that it does not. Indeed, our case law is clear that claims of inadequate consideration of mitigating factors do not raise a substantial question. *See Commonwealth v. Crawford*, 257 A.3d 75, 79 (Pa. Super. 2021); *see also Commonwealth v. Velez*, 273 A.3d 6, 10 (Pa. Super. 2022) (noting that the "weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the [sentencing] court's exclusive domain."). As Appellant did not raise a substantial question, we will not review the merits of his remaining discretionary sentencing claim.[2]

We independently considered the issues raised within counsel's *Anders* brief and we have determined that the claims are frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

_____

[2] Although we conclude that Appellant has not raised a substantial question, we also acknowledge that the trial court had the benefit of a pre-sentence investigation report. Where this is the case, a presumption arises that the court is aware of, and considered, relevant mitigating factors. *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/25/2025